IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL CHESSHIR; and
JENNIFER CHESSHIR                                                                          PLAINTIFFS

v.                                          Case No. 4:14-cv-04109

BRADLEY TAYLOR; MOLLY TAYLOR;
JANELLE WHITE; BRADLEY TAYLOR
d/b/a TAYLOR & TAYLOR
DEVELOPMENT, LLC; MOLLY TAYLOR
d/b/a TAYLOR & TAYLOR
DEVELOPMENT, LLC; JANELLE WHITE
d/b/a TAYLOR & TAYLOR
DEVELOPMENT, LLC; and TAYLOR &
TAYLOR DEVELOPMENT, LLC                                                                 DEFENDANTS

**ORDER**

Before the Court is the parties' Joint Motion for Entry of Proposed Agreed Protective Order. (ECF No. 26).  The parties request that this Protective Order govern this action and any other action between the parties to this action, including without limitation the following cases:  4:14-cv-04162-SOH and 4:14-cv-04140-SOH.  The parties, through counsel, have agreed to the form and entry of this Order.  The Court finds that the parties' Motion should be GRANTED.  The Agreed Protective Order reads as follows:

1. This Order shall govern documents and other materials or information ("Litigation Materials") produced, formally, in the course of litigation, including but not limited to documents, data, things, information, deposition testimony, and answers to discovery.

2. As used in this Order, "Confidential Material" shall refer to any document or other Litigation Materials, or any portion thereof, designated as confidential, as well as information in such documents or other Litigation Materials.

3. The parties agree that anything produced prior to entry of a Protective Order by this Court shall be treated as confidential if so designated by the producing party. The parties further agree that any inadvertently disclosed Confidential Materials will be handled pursuant to Rule 502 of the Federal Rules of Evidence and that inadvertent disclosure will not operate to waive a valid claim of privilege.

4. Any party may designate (the "Designating Party") any Litigation Materials as confidential by placing or affixing thereon in such manner as will not interfere with the reasonable legibility thereof the following, or otherwise appropriate, notice: "Confidential Material subject to Protective Order." Such designation shall be made in good faith and constitute a representation by the Designating Party that it has a reasonable basis to believe that the material so designated is appropriate for the protection provided in this Order and that it is entitled to claim such protection for the material.

5. Confidential Material and a copy thereof and any notes or summaries made therefrom shall not be used by any party receiving it, including the party's attorney or other representatives including expert witnesses, for any purpose other than the litigation of this action or any other action between the parties to this action including without limitation the following cases that are in progress: [1] Case: 4:14-cv-04162-SOH and [2] Case: 4:14-cv-04140-SOH or any other action that may be based upon the underlying contract between the parties that is the subject of this action.

6. All Confidential Material received by an attorney shall be controlled and properly secured by that attorney to prevent unauthorized access to, or reproduction of, the Confidential Material.

7. Confidential Material and any copies thereof, and notes or excerpts made therefrom, shall be disclosed only to "Qualified Persons," and only to the extent necessary for the litigation of this

action or any other action between the parties to this action including without limitation the following cases that are in progress: [1] Case: 4:14-cv-04162-SOH and [2] Case: 4:14-cv-04140-SOH or any other action that may be based upon the underlying contract between the parties that is the subject of this action.

    8. Qualified Persons are limited to:

    a. Counsel of record for the parties and the parties themselves;

    b. The non-technical and clerical staff employed by Counsel of record;

    c. The independent personnel engaged by Counsel of record to provide technical, expert or review services or who may provide advice or who may give expert testimony or advice;

    d. Court reporters and deposition transcript reporters;

    e. Parties and/or their counsel involved in pending litigation between Michael Chesshir and Jennifer Chesshir ("Chesshirs") and Taylor & Taylor Development, LLC ("Taylor & Taylor"), Bradley Taylor, Molly Taylor, and Janelle White (collectively, "Defendants") or any other action between the parties to this action including without limitation the following cases that are in progress: [1] Case: 4:14-cv-04162-SOH and [2] Case: 4:14-cv-04140-SOH or any other action that may be based upon the underlying contract between the parties that is the subject of this action; and

    f. The Court and its authorized staff.

    9. This Protective Order shall not apply to the disclosure of Confidential Material at the time of trial or any court hearing, through the receipt of protected documents or Confidential Material into evidence, or through the testimony of witnesses as this evidence will be considered as part of the trial record unless the Court designates otherwise. The closure of trial proceedings and the issue of whether or not there is a request of either party to seal the record of any trial shall involve

considerations which may be taken up as a separate matter upon the motion of any of the parties at trial.

10. This Protective Order shall not apply to: [1] any items, material or other information that may be disclosed by anyone other than the parties to this action, [2] any items, material or other information that is a public record or that is readily available in a public forum or from a public source, [3] any items, material or other information that may be owned by or in the possession of a party that is not a party to this action including without limitation any items or information provided by a possible witness or a person who has direct knowledge of a specific event or action.

11. In addition, the attorney disclosing the Confidential Material shall take reasonable steps to ensure that all persons receiving Confidential Material (a) maintain such material in a protected and secure manner, with access restricted at all times to Qualified Persons, and (b) abide by the terms of this Protective Order.

12. Before any person, other than Counsel of record and Counsel's employees, receives or reviews documents, information, or materials designated as "Confidential" by another party, he or she shall be provided with a copy of this Protective Order and shall agree in writing to be bound by its terms by executing a copy of the attached "Acknowledgment." Counsel of record and Counsel's employees need not execute such an Acknowledgment, but are deemed subject to the provisions of this Order by virtue of its entry.

13. Except as expressly provided in Paragraph 6 above, should any party desire to disclose Confidential Material to anyone in addition to Qualified Persons, such party shall provide the Designating Party fourteen (14) days prior written notice of the intent to disclose Confidential Material to such additional person(s), which notice shall state the name of the additional person(s)

and the reason(s) review by such additional person(s) is desired. If the Designating Party objects in writing to such disclosure within that fourteen (14) day period, then such Confidential Material will not be disclosed to the named person(s) unless and until the Court overrules the Designating Party's objection.

14. If Confidential Material is utilized or referred to during depositions, any party may request and require that only Qualified Persons, the deponent, the videographer – in the event the deposition is being videotaped – and the reporter shall be present. A party shall, either at the deposition itself, or within fourteen (14) days after receipt of the transcript thereof, notify all other parties and the deponent on the record or in writing that the information is confidential and shall designate the portions thereof for which such claim is made. Such designation shall be subject to the procedure set forth in Paragraph [13] below regarding a party's ability to challenge a designation. The portions thereof, including exhibits, for which confidentiality is claimed (or established by Order if challenged) shall be bound separately under seal and prominently marked "Confidential Material Subject to Protective Order." Any and all computer-readable versions of the deposition or portions thereof shall also be so marked.

15. Confidential Material may be referred to or incorporated in briefs, affidavits, or other documents filed with this Court, provided that such documents shall be filed with the Clerk of Court under seal and prominently marked "Confidential Material Subject to Protective Order."

16. If either party disagrees with a claim of confidentiality (the "Challenging Party"), the Challenging Party shall notify the Designating Party in writing of the specific documents, identified by Bates number, being contested. If the dispute cannot be resolved by agreement, such Confidential Material shall be kept confidential until the Challenging Party applies to this Court for an Order

making a determination regarding the designated documents being challenged. Such applications must be made within 30 days from the date the Challenging Party makes its written objection. The information shall be kept confidential until this Court rules upon the confidentiality of the challenged material. The Designating Party bears the burden of proving confidentiality.

17. The Protective Order shall survive the termination of this action. All Confidential Material shall retain that designation and shall remain subject to this Protective Order until such time, if ever, as the Court renders a decision that any challenged material shall not be covered by the terms of this Protective Order and any and all proceedings and appeals challenging such decision have been concluded.

18. Upon final termination of this action, the originals of all Confidential Material, to the extent they were provided, shall be returned to the Designating Party or destroyed not later than thirty (30) days after the ultimate disposition of this case. The recipient party shall then provide an affidavit affirming that all Confidential Material that Designating Party disclosed to Qualified Persons or to others has been retrieved and returned to the Designating Party, or has been destroyed.

Accordingly, the parties' Joint Motion for Protective Order (ECF No. 26) is hereby **GRANTED**. The parties are directed to move the Court for entry of the Order in each individual case to which the parties desire the Order to apply such that the Order may be entered on the docket of those cases.

**IT IS SO ORDERED**, this 18th day of March, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge