IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL CHESSHIR; and
JENNIFER CHESSHIR                                                                                    PLAINTIFFS

v.                                              Case No. 4:14-cv-04109

BRADLEY TAYLOR; MOLLY TAYLOR;
JANELLE WHITE; BRADLEY TAYLOR
d/b/a TAYLOR & TAYLOR
DEVELOPMENT, LLC;MOLLY TAYLOR
d/b/a TAYLOR & TAYLOR
DEVELOPMENT, LLC; JANELLE WHITE
d/b/a TAYLOR & TAYLOR
DEVELOPMENT, LLC; and TAYLOR &
TAYLOR DEVELOPMENT, LLC                                                                    DEFENDANTS

**ORDER**

Before the Court is the Motion to Remand filed on behalf of Plaintiffs Michael Chesshir and Jennifer Chesshir ("the Chesshirs"). (ECF No. 12). Defendants have filed a Response. (ECF No. 15). The Chesshirs have replied to Defendants' response (ECF No. 16) and have supplemented their reply (ECF No. 18). The Court finds this matter ripe for its consideration.

The Chesshirs argue that the case should be remanded because this Court: (1) lacks general personal jurisdiction because the Defendants have continuous and systematic contacts with the state of Arkansas; (2) lacks specific personal jurisdiction over the case because Arkansas state court has proper jurisdiction; and (3) lacks subject matter jurisdiction because the parties are not completely diverse. Defendants respond that jurisdiction is proper because: (1) the Chesshirs have waived any personal jurisdiction argument; (2) the Court has personal jurisdiction over the Chesshirs; and (3) the nondiverse defendant, Janelle White, has been improperly joined.

I. Background

On or about December 11, 2012, Taylor & Taylor and the Chesshirs entered into a construction contract regarding property owned by the Chesshirs at 3711 Jack Cullen Drive in Texarkana, Arkansas. The Chesshirs allege that they have remitted funds to Defendants in exchange for construction in a good workmanlike manner, and that Defendants have failed to complete the construction project as agreed by the terms of the contract.

On July 17, 2014, the Chesshirs filed suit in Miller County, Arkansas Circuit Court alleging the following causes of action against Defendants: (1) Violation of Arkansas Code Annotated § 18-44-108; (2) Fraud/ Breach of Contract; (3) Conversion/ Breach of Contract; and (4) Negligence. On August 20, 2014, Defendants filed a Notice of Removal in this Court. (ECF No. 1). On October 14, 2014, Plaintiffs filed the instant Motion to Remand.

II. Discussion

A. Waiver of Personal Jurisdiction

Defendants assert that the Plaintiffs have waived their right to raise their personal jurisdiction arguments. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Defendants filed their Notice of Removal on August 20, 2014. Plaintiffs did not file their Motion to Remand until October 14, 2014 – fifty-five days after Defendants filed their Notice of Removal. Plaintiffs give the Court no reason why their Motion was filed late. Therefore, all defects other than subject matter jurisdiction arguments have been waived by Plaintiffs.[1]

---

[1] Plaintiffs assert that Defendants have agreed, in their answer, that the federal court is not the proper court. However, Plaintiffs' interpretation of Defendants' Answer is flawed. While Plaintiffs interpret paragraph 88 of Taylor & Taylor's Answer (ECF No. 6) to be an agreement by Defendants that this case should be remanded to state court, Plaintiffs are

B.  Personal Jurisdiction

Even if the parties had not waived personal jurisdiction arguments, those arguments fail. Initially, the Court notes that Plaintiffs have raised personal jurisdiction arguments as a basis for remand.  Because state and federal courts have concurrent jurisdiction over certain persons, the arguments are usually made in terms of a motion to dismiss.

Plaintiffs argue the Court lacks both general and specific personal jurisdiction over the parties.  A state may exercise general jurisdiction if a defendant has carried on in the forum state a continuous and systematic, even if limited, part of its general business; in such circumstances the alleged injury need not have any connection with the forum state.  *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779 (1984).  Specific jurisdiction on the other hand is appropriate only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

The Court finds that it has general personal jurisdiction over the parties.  The Court has general personal jurisdiction over Plaintiffs because they are residents of the state of Arkansas.  *See Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592-593 (8th Cir. 2011).  The Court has general personal jurisdiction over Defendants because of their minimum contacts with the state and because Defendants have consented to personal jurisdiction.  *Sondergard v. Miles, Inc.*, 985 F.2d 1389, 1394-95 (8th Cir. 1993); *Knowlton v. Allied Van Lines*, 900 F.2d. 1196, 1199 (8th Cir. 1990).

---

actually pointing to one of Defendants' affirmative defenses.  In that paragraph, Defendants affirmatively argue that the dispute is subject to a valid arbitration agreement between the parties.  The arbitration issue is not before the Court in Plaintiff's Motion to Remand, and therefore it will not be determined at this stage.

Plaintiffs next argue that the case should be remanded to Arkansas state court because this Court lacks specific personal jurisdiction over the Plaintiffs. Particularly, the Plaintiffs argue that the factors from *Land-O-Nod v. Bassett Furniture Industries, Inc.*, 708 F.2d 1338 (8th Cir. 1983) favor state court jurisdiction.

The *Land-O-Nod* factors are misplaced in Plaintiffs' analysis. In *Land-O-Nod*, the Minnesota District Court denied a Motion to Dismiss, finding that the Court had personal jurisdiction over the defendant. The Eighth Circuit reversed, finding that the requisite relationship among the defendants, the forum state, and the litigation was lacking. Therefore, the *Land-O-Nod* factors aid a court in determining whether defendants have certain minimum contacts with the forum *state* such that maintenance of the suit in that *state* does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Plaintiffs are arguing that Defendants have minimum contacts with the state of Arkansas. Because the Court agrees, and Defendants are not contesting that assertion, it is fair for Defendants to be hailed into court in Arkansas, whether that be in a federal or state forum.[2]

## C. Subject Matter Jurisdiction

Finally, Plaintiffs argue that the Court lacks subject matter jurisdiction over the parties because they are not completely diverse. Specifically, they argue that Taylor & Taylor Development LLC was an Arkansas citizen at the time the cause of action arose because the limited liability corporation was registered with the Arkansas Secretary of State to conduct business in Arkansas, and that Janelle White, a citizen of the state of Arkansas, makes the parties nondiverse. They also assert

---

[2] In fact, a defendant's minimum contacts with Arkansas is necessary for this Court to find that it has jurisdiction. If this Court lacked jurisdiction over a party every time the party had minimum contacts with the state of Arkansas, this Court's diversity jurisdiction would be rendered meaningless.

that this Court exercising jurisdiction over the case would result in bifurcation.[3]

### i. Citizenship of Taylor & Taylor Development, LLC

It is undisputed that Plaintiffs are citizens of Arkansas. It is undisputed that Bradley Taylor and Molly Taylor are citizens of Texas. The Plaintiffs cite no law, and the Court can find none, to support their argument that Taylor & Taylor's registration with the Arkansas Secretary of State and/or licensure with the Arkansas Contractor's License Board deem it to be a citizen of Arkansas. Instead, the Court finds support for the well-settled rule that the citizenship of a limited liability company is the citizenship of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Because Bradley Taylor and Molly Taylor are the only members of Taylor & Taylor, and they are citizens of Texas, the Court finds that Taylor & Taylor, LLC is a citizen of Texas.

### ii. Janelle White

Therefore, the question before the Court regarding diversity of citizenship is limited to the alleged fraudulent joinder of Defendant Janelle White. It is undisputed that Janelle White is a citizen of Arkansas and therefore her presence in the lawsuit would destroy complete diversity should she remain. Plaintiffs assert that she is the "registered agent (officer)" of Taylor & Taylor. Defendants assert that Janelle White was fraudulently joined and the Court should disregard her citizenship for purposes of determining whether complete diversity exists.

A defendant is fraudulently joined when there is no reasonable basis to support a claim against the nondiverse defendant. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Defendant argues that White was improperly joined because (1) she was not a party to the

---

[3]Plaintiffs also allege that this Court lacks subject matter jurisdiction over the action because the causes of action are based on Arkansas law. Because it is well settled that federal courts have subject matter jurisdiction over cases grounded in state law when there is diversity of citizenship and the minimum amount in controversy, this argument has no merit.

contract between the Chesshirs and Taylor & Taylor; (2) her actions were under the authority of Taylor & Taylor and on behalf of a disclosed principle; and (3) all of Plaintiffs' allegations against White are based on her actions within the course of her employment so they are not entitled to relief against her individually.

In their Complaint, the Chesshirs allege violation of Ark. Code Ann. §18-44-108, "Fraud/Breach of Contract," "Conversion/Breach of Contract," and Negligence against all of the named Defendants. It is undisputed that Janelle White was not a party to the contract and therefore she cannot be held responsible for the breach of contract claims. All actions that White took were under the authority of Taylor & Taylor, a disclosed principle. Those actions cannot make her individually liable as a named Defendant in this action. *See Tallent, et al. v. Dwight Harshaw, et al.*, 592 F. Supp 66 (E.D. Ark. 1984). Even if all allegations in Plaintiffs' Complaint are proved to be true, they are not entitled to relief against White.

Plaintiffs also allege that Bradley Taylor, Molly Taylor, and Janelle White are all Officers of the defunct corporate entity Taylor & Taylor and therefore they have personal liability for the debt incurred during the time the Arkansas corporate charter was revoked. The evidence presented demonstrates that White was an employee of Taylor & Taylor and served as its registered agent in the state of Arkansas. There is no evidence that White served as an officer of Taylor & Taylor.

Therefore, she is a fraudulently joined defendant and her citizenship will not be considered when determining whether complete diversity of citizenship exists. Without White as a defendant, there is complete diversity such that jurisdiction is proper in federal court.

### iii. Bifurcation

Plaintiffs also argue that "[n]ot all of the claims addressed in Plaintiffs' initial Complaint

filed within Miller County, Arkansas were properly removed to this Court," so in the interest of judicial economy, the case should be remanded to avoid bifurcation. (ECF No. 12, ¶ 66). In the Defendants' Notice of Removal, the entire case was removed from Miller County. (ECF No. 1). The Court fails to understand the argument that there would be a bifurcuated case.[4]

### III.  Conclusion

Accordingly, Plaintiff's Motion to Remand (ECF No. 12) is DENIED.

**IT IS SO ORDERED**, this 20th day of March, 2015.

                                            /s/ Susan O. Hickey
                                            Susan O. Hickey
                                            United States District Judge

---

[4]Plaintiffs argue that the state court must make the decision regarding the validity and applicability of an arbitration agreement between the parties. The Plaintiffs cite no law, and the Court can find none, that would render this court without jurisdiction based solely on the existence of an arbitration agreement between the parties. The applicability and validity of the arbitration agreement has not been argued and is not presently before the Court.