IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL CHESSHIR; and
JENNIFER CHESSHIR                                                    PLAINTIFFS

v.                          Case No. 4:14-cv-04109

BRADLEY TAYLOR; MOLLY TAYLOR;
JANELLE WHITE; BRADLEY TAYLOR
d/b/a TAYLOR & TAYLOR
DEVELOPMENT, LLC;MOLLY TAYLOR
d/b/a TAYLOR & TAYLOR
DEVELOPMENT, LLC; JANELLE WHITE
d/b/a TAYLOR & TAYLOR
DEVELOPMENT, LLC; and TAYLOR &
TAYLOR DEVELOPMENT, LLC                                              DEFENDANTS

## ORDER

Before the Court is separate Defendant Taylor & Taylor Development LLC's ("Taylor & Taylor") Motion to Strike Untimely Answer. (ECF No. 14). Plaintiffs have responded. (ECF No. 17). Defendant Taylor & Taylor has replied, (ECF No. 19), and Plaintiffs have filed a sur-reply (ECF No. 20). The Court finds this matter ripe for its consideration.

Defendant Taylor & Taylor moves the Court to strike Plaintiffs' Alternative Answer to Counterclaim in the event that the Motion to Remand is Not Granted (ECF No. 13). Taylor & Taylor asserts that Plaintiffs untimely filed their Answer, and that Plaintiffs did not request an extension of their answer.[1]

According to Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure, Plaintiffs have 21 days after service of the counterclaim to file their answer. Service is complete upon mailing. Fed. R. Civ. P. 5(b)(2)(c). In addition, Rule 6(d) allows 3 additional days to be added to the answer deadline where the counterclaim is served by mailing. Fed. R. Civ. P. 6(d); Fed. R. Civ. P. 5(b)(2). Plaintiffs were

---

[1]Plaintiffs also respond with the same arguments they have made to the Court numerous times concerning the Court's jurisdiction. The Court will not address these arguments.

required to answer Taylor & Taylor's Counterclaim by September 15, 2014. Plaintiffs filed their Answer on October 14, 2014 – 29 days after their deadline had passed. (ECF No. 13).

Federal Rule 6(b)(1)(B) allows a Court, for good cause and on motion, to extend a party's answer deadline if the party shows that it failed to act due to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Local Rule 6.2(a) for the Western District of Arkansas similarly provides that the Court may extend a party's answer deadline on motion for good cause. Plaintiffs do not present to the Court any reason that the Court could find good cause for an extension. Plaintiffs assert that their Answer should not be stricken because they filed their Answer before Defendant moved for a default judgment. Plaintiffs cite no law supporting this argument, and the Court finds none.

Plaintiffs also assert their Answer should not be stricken because the Court does not have jurisdiction over the action. This is an argument for remand. The Plaintiffs' Motion for Remand was denied. A parties' belief that there is not jurisdiction over the action is not an excuse for failing to comply with filing deadlines.

Plaintiffs have failed to offer any reason for excusable neglect and have failed to request that the Court give them additional time to respond. Plaintiffs' assertion that they had already addressed the Defendant's counterclaim in their original complaint filed in Miller County does not excuse the tardiness of their filing. At the date of entry of this Order, Plaintiffs have still failed to request the Court grant them additional time to respond.

Accordingly, with no request for extension and no excusable neglect shown, the Court finds that Defendants' Motion to Strike should be **GRANTED**. The Clerk is ordered to strike Plaintiffs' Alternative Answer to Counterclaim (ECF No. 13) from the docket.

**IT IS SO ORDERED**, this 23rd day of March, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

2